## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

| | | |
|---|---|---|
| TAJ K. JONES, JAMON J. JONES, | : : : | |
| Plaintiffs, | : : | |
| vs. | : : | CIVIL ACTION NO. 1:11-CV-2195-RWS |
| FEDERAL NATIONAL MORTGAGE ASSOCIATION a/k/a FANNIE MAE; LENDER BUSINESS PROCESS SERVICES, INC.; J.P. MORGAN CHASE d/b/a CHASEBANK USA, N.A.; CHASE MANHATTAN MORTGAGE CORPORATION; CHASE HOME FINANCE, LLC; | : : : : | |
| Defendants. | | |

## ORDER

This case comes before the Court on IBM Lender Business Process Services, Inc.'s Motion to Dismiss Plaintiffs' Complaint [5].  After a review of the record, the Court enters the following Order.

### Background

On July 25, 2006, Plaintiffs executed a security deed in favor of Defendant ChaseBank, USA, N.A. in connection with the purchase of property located at 3832 Oakman Place, Fairburn, Georgia 30213. Compl., Dkt. [1-2] ¶¶ 1, 14.

Defendant IBM Lender Business Process Services, Inc., which has since changed its name to Seterus, Inc. ("Seterus"), serviced Plaintiffs' mortgage.  Id. ¶ 37.

Plaintiffs allege that they applied for a permanent loan modification with Defendants.  Id. ¶¶ 38-39.  Defendants told Plaintiffs they were eligible for a trial loan modification that would become permanent with the provision of certain documents.  Id. ¶ 53.  Plaintiffs submitted all requested documents and made reduced payments as permitted during a trial loan modification period.  Id. ¶¶ 38-39.  At the conclusion of the trial period, Defendants offered Plaintiffs a loan modification that would have reduced Plaintiffs' monthly payment by fifty dollars.  Id. ¶ 40.  Plaintiffs, however, did not agree with the terms of the proposed modification and declined to execute the written agreement.  Id.  Plaintiffs allege that Defendants subsequently foreclosed on their home.  Id. ¶ 49.

On June 3, 2011, Plaintiffs initiated the present action in the Superior Court of Fulton County, seeking damages for (1) breach of contract, (2) breach of the implied covenant of good faith and fair dealing, and (3) promissory estoppel, and requesting the Court to set aside the foreclosure sale.

## Discussion

FNMA and Seterus move to dismiss the Complaint pursuant to Federal Rules of Civil Procedure 12(b)(2), 12(b)(5), and 12(b)(6).  Dkt. [5-1] at 4. Defendants argue that they have not been properly served, thereby depriving the Court of personal jurisdiction.  Id. at 13-15.  In addition, Defendants argue that

Plaintiffs have failed to state a claim for which relief can be granted.  Id. at 7-11.

The Court addresses these contentions in turn.

### A.    Insufficient Service of Process

Defendants argue that Plaintiffs have failed to properly serve them with

process and that the Court therefore lacks personal jurisdiction over them.  Id. at

13.  After reviewing the record, the Court finds no evidence that Plaintiffs have

served Defendants in accordance with Federal Rule of Civil Procedure 4(e) or that

Defendants have waived such service pursuant to Rule 4(d).  Accordingly, the

Court grants Defendants' Motion to Dismiss for insufficient service of process.

### B.    Failure to State a Claim

The Court further finds that even if Defendants had been properly served

with process, Plaintiffs' Complaint should be dismissed for failure to state a claim.

When considering a Federal Rule of Civil Procedure 12(b)(6) motion to dismiss, a

federal court is to accept as true "all facts set forth in the plaintiff's complaint."

Grossman v. Nationsbank, N.A., 225 F.3d 1228, 1231 (11th Cir. 2000) (citation

omitted).  Further, the court must draw all reasonable inferences in the light most

favorable to the plaintiff.  Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555-56

(2007) (internal citations omitted); Bryant v. Avado Brands, Inc., 187 F.3d 1271,

1273 n.1 (11th Cir. 1999).  However, "[a] pleading that offers 'labels and

conclusions' or 'a formulaic recitation of the elements of a cause of action will not

do.'" Ashcroft v. Iqbal, 556 U.S 662, 129 S. Ct. 1937, 1949 (2009) (quoting

Twombly, 550 U.S. at 555).  "Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'"  Id.

The United States Supreme Court has dispensed with the rule that a complaint may only be dismissed under Rule 12(b)(6) when "'it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.'"  Twombly, 127 U.S. at 561 (quoting Conley v. Gibson, 355 U.S. 41, 45-46 (1957)).  The Supreme Court has replaced that rule with the "plausibility standard," which requires that factual allegations "raise the right to relief above the speculative level."  Id. at 556.  The plausibility standard "does not[, however,] impose a probability requirement at the pleading stage; it simply calls for enough facts to raise a reasonable expectation that discovery will reveal evidence [supporting the claim]."  Id.

Considering each in turn, the Court finds that Plaintiffs have failed to state a claim for breach of contract, breach of the implied covenant of good faith and fair dealing, or for promissory estoppel.

## 1.    Breach of Contract

In Count One of the Complaint, Plaintiffs raise a claim for breach of contract based on Defendants' alleged failure to modify Plaintiffs' loan.  In support of this claim, Plaintiffs first allege that Defendants "offered Plaintiffs a permanent loan modification in return for making timely trial period payments and complying with Chase's documentation requests."  Compl., Dkt., [1-2] ¶ 39.  Plaintiffs further

allege that they adequately performed their end of this bargain by making the requested  payments and providing the requested documents.  Id. ¶ 38.  Finally, Plaintiffs allege that "Chase"[1] breached its obligation "to modify the mortgage loan at issue."  Id. ¶¶ 38, 43.

At the same time, however, Plaintiffs allege that they were extended a loan modification, which would have reduced their monthly payment by fifty dollars, but that Plaintiffs themselves refused to execute the modification agreement.  Id. ¶ 40.  Based on these allegations, it appears to the Court that Plaintiffs were offered a loan modification, and that the modification never took effect because Plaintiffs rejected its terms.  Accordingly, Plaintiffs cannot state a claim against Defendants FNMA and Seterus for breach of contract based on any failure to modify Plaintiffs' loan.

### 2.    Breach of Implied Covenant of Good Faith and Fair Dealing

In Count Two of the Complaint, Plaintiffs raise a claim for breach of the implied covenant of good faith and fair dealing.  This duty to perform a contract in good faith, however, does not provide a cause of action independent of one for breach of contract.  See Autry Petroleum Co. v. BP Prods. N. Am., Inc., 334 F. App'x 982, 984 (11th Cir. 2009) ("[T]he 'covenant' [to perform in good faith] is not an independent contract term.  It is a doctrine that modifies the meaning of all

---

[1]In the Complaint, Plaintiffs state that "Defendant" or "Chase" refers to all of the Defendants collectively.  Compl. Dkt. [1-2] ¶ 17.

explicit terms in a contract, preventing a breach of those explicit terms *de facto* when performance is maintained *de jure*.  But it is not an undertaking that can be breached apart from those terms." (quoting Alan's of Atlanta, Inc. v. Minolta Corp., 903 F.2d 1414, 1429 (11th Cir. 1990) (citations omitted))).  Because the Court finds that Plaintiffs have failed to state a claim for breach of contract, Plaintiffs' claim for breach of the implied covenant of good faith and fair dealing also fails.

### 3.    Promissory Estoppel

Finally, in Count Three of the Complaint, Plaintiffs raises a claim for promissory estoppel, alleging that "Chase represented to Plaintiffs that he [sic] was eligible for a trial loan modification that would turn into a permanent modification with the provision of certain documents."  Compl., Dkt. [1-2] ¶ 53.  Plaintiffs further allege that they reasonably relied on these representations and that their home "has been wrongfully foreclosed upon" as a result.  Id. ¶ 54.

To state a claim for promissory estoppel, Plaintiffs must allege that:

(1) the defendant made a promise or promises; (2) the defendant should have reasonably expected the plaintiffs to rely on such promise; (3) the plaintiffs relied on such promise to their detriment; and (4) an injustice can only be avoided by the enforcement of the promise, because as a result of the reliance, plaintiffs changed their position to their detriment by surrendering, forgoing, or rendering a valuable right.

Rental Equip. Grp., LLC v. MACI, LLC, 587 S.E.2d 364, 367 (Ga. Ct. App. 2003).

As explained in subsection 1, supra, with regard to Plaintiff's breach of contract

claim, Plaintiffs have failed to allege that Defendants made any promise that they did not keep.  Accordingly, Plaintiff's claim for promissory estoppel also fails.

### Conclusion

Based on the foregoing, Defendants' Motion to Dismiss Plaintiffs' Complaint [5] is **GRANTED**.  The Clerk is directed to close the case.


**SO ORDERED**, this _ 27th _ day of January, 2012.


**RICHARD W. STORY**
United States District Judge